**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RTC INDUSTRIES, INC.,** )  | | |
|    an Illinois corporation, ) | **Civil Action No.  14-cv-08615** | |
| ) | | |
|    **Plaintiff,** ) | **Judge** _____ | |
| ) | | |
|         **v.** ) | **Magistrate Judge** _____ | |
| **SLABB, INC.** ) | | |
|    a Nevada corporation, ) | **JURY DEMAND** | |
| ) | | |
|    **Defendant.** ) | | |
| ) | | |
| ) | | |
| ) | | |

**COMPLAINT**

The Plaintiff, RTC Industries, Inc., (hereinafter "RTC"), for its Complaint against the Defendant, Slabb, Inc. ("Defendant"), alleges as follows:

**THE PARTIES**

1.	Plaintiff RTC is an Illinois corporation having its principle place of business at 2800 Golf Road, Rolling Meadows, Illinois 60008.  RTC, *inter alia,* makes and sells consumer retail systems.  Since its founding in 1951, RTC has consistently advanced the leading edge of retail technology by providing new and innovative solutions to the retail marketplace.

2.	On information and belief, Defendant Slabb, Inc. is a Nevada corporation with a principal place of business at 2885 E. Quail Avenue, Las Vegas, Nevada.  Defendant makes, uses and sells wireless interactive consumer video systems, including kiosks systems which Defendant refers to as X1, X2, X3, X4, X5, X6, X10, C5, C6, C7, C7E, O6, and Q5, which are installed in numerous locations and are depicted at

http://www.slabb.com/public/interactive_kiosks.html. On information and belief, Defendant does business on a regular basis in Illinois and in this District, including making, using, selling and/or offering for sale its wireless interactive consumer video systems in Illinois and this District which infringe RTC's rights under the patent asserted herein.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and particularly 35 U.S.C. §§ 271 and 281.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Personal jurisdiction over Defendants is proper in this Court.

4.     Venue is proper in this District in accordance with 28 U.S.C. §§ 1391(b)-(c) and § 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 5,608,449

5.     On March 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,608,449 ("the '449 patent") entitled "Wireless Interactive Consumer Video System."  RTC is the owner of the '449 patent, by virtue of assignment of all rights, title and interest to the '449 patent.  A true and correct copy of the '449 patent is attached to this Complaint as Exhibit A.

6.     Defendant manufactures, uses, offers to sell, sells, and/or imports wireless interactive consumer video systems, including, but not limited to its X1, X2, X3, X4, X5, X6, X10, C5, C6, C7, C7E, O6, and Q5 systems, and/or engages in activities related to wireless interactive consumer video systems that are covered by one or more claims of the '449 patent.

7.     Defendant advertises and promotes the use of Defendant's wireless interactive consumer video systems and provides instructions to its customers on using Defendant's wireless interactive consumer video systems in a manner that infringes the '449 patent.  For example,

Defendant advertises and promotes the "wireless" capabilities of its wireless interactive consumer video systems. (Ex. B; *see also* http://www.slabb.com/public/interactive_kiosks.html). Defendant also advertises, promotes, and provides instructions customizing its "cutting-edge interactive" kiosks. (Ex. B). For example, Defendant advertises, promotes, and provides instructions for its kiosks with various "input/output devices," including using "VGA input, remote control" capabilities, "mak[ing] changes remotely," and "interfac[ing] with peripherals." (Ex. B; *see also* http://www.slabb.com/about/about.html). Copies of exemplary advertisements, promotions, and instructions are attached hereto and marked as Exhibit B.

8.    RTC sent a letter to Defendant on March 10, 2014 notifying Defendant of the '449 patent and offering to provide Defendant a license to the '449 patent.

9.    Defendant responded to the letter on March 20, 2014, but refused to take a license.

10.    RTC responded on April 4, 2014, providing additional information to Defendant and again offering to provide Defendant a license to the '449 patent.

11.    Defendant responded to the email on April 4, 2014, but again refused to take a license.

12.    Defendant has continued to promote and/or advertise Defendant's wireless interactive consumer video systems since receiving the letter and email notifying Defendant of the '449 patent. Copies of exemplary advertisements, promotions, and instructions to its customers are attached hereto and marked as Exhibit B.

13.    Defendant has not taken a license to the '449 patent and Defendant has not notified RTC that its acts of infringement have ceased.

14.     Defendant has been and still is infringing and inducing infringement of the '449 patent by making, using, offering to sell, selling, and/or importing wireless interactive consumer video systems, including, but not limited to its X1, X2, X3, X4, X5, X6, X10, C5, C6, C7, C7E, O6, and Q5 systems, and/or engaging in activities related to wireless interactive consumer video systems that are covered by one or more claims of the '449 patent, and/or inducing others to make, use, offer to sell and/or sell such systems and/or engage in such activities.

15.     Defendant's acts of infringement have been without express or implied license by RTC, are in violation of RTC's rights, and will continue unless enjoined by this Court.

16.     On information and belief, Defendant's acts of infringement have been willful. Defendant has continued its infringement with knowledge of the '449 patent and in willful disregard of the '449 patent and the rights created thereunder.

17.     RTC has been and will continue to be irreparably harmed by Defendant's infringement of the '449 patent.

### JURY DEMAND

18.     RTC demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff RTC respectfully prays that:

A.     Pursuant to 35 U.S.C. §271, this Court enter judgment that Defendant has been and is currently infringing the '449 patent;

B.     This Court Order that Defendant and each of its officers, agents, servants, employees, assigns and successors in interest, those persons in active concert of participation with it who receive notice of the injunction, and others acting on its behalf, be permanently

enjoined from infringing the '449 patent, including through use of the infringing products as well as making, selling or offering for sale the infringing products or engaging in infringing activities;

C.      This Court Order that Defendant notify purchasers and users of the infringing products and activities that the products and activities infringe the '449, and that Defendant recall all infringing products sold or otherwise distributed, and that the Defendant remove the infringing products from all stores where those products have been installed;

D.      Defendant be directed to provide an accounting to determine the damages suffered by RTC as a result of Defendant's infringing conduct, such damages including, but not limited to, RTC's lost profits on sales or offers for sale of the infringing products, and in no event less than a reasonable royalty;

E.      Defendant be directed to pay RTC the amount of damages that RTC has sustained as a result of Defendant's acts of patent infringement, and that such damages be trebled under 35 U.S.C. §284 as a result of any willful infringement of RTC's '449 patent;

F.      This be declared an exceptional case under 35 U.S.C. §285, and RTC be awarded its attorneys' fees;

G.      Defendant be directed to pay RTC an award of pre-judgment interest, post-judgment interest, and costs of the suit; and

H.      RTC be granted such other further relief as the Court may deem proper and just.

Respectfully submitted,

Dated: October 30, 2014                    By:     /s/ Victoria R. M. Webb

Joseph J. Berghammer
    *jberghammer@bannerwitcoff.com*
Scott A. Burow
    *sburow@bannerwitcoff.com*
Victoria R. M. Webb
    *vwebb@bannerwitcoff.com*
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Tel.:    (312) 463-5000
Fax:    (312) 463-5001

***Attorneys for Plaintiff***
***RTC Industries, Inc.***

6